## LECZYCKI v. KUCZYNSKI

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. BILLS AND NOTES (§ 28*)—"PROMISSORY NOTE"—WHAT CONSTITUTES.

A written instrument containing an unequivocal promise to pay a sum certain on a fixed day, and which recites that it was given for value, is a promissory note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 40; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 6, pp. 5676–5681; vol. 8, p. 7767.]

2. BILLS AND NOTES (§ 489*)—ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action on a note, evidence of payment and release or accord and satisfaction is inadmissible under a general denial and plea of invalidity under the law of the place where it was executed and payable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Herman Leczycki against Szoel Kuczynski, etc. From a judgment dismissing the complaint, with costs, plaintiff appeals. Reversed and remanded.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Paul C. Schnitzler, of New York City, for appellant.

J. A. Seidman, of New York City, for respondent.

PER CURIAM. [1] The paper on which this action is brought is an unequivocal promise to pay a certain sum on a fixed day, and recites that it was given for value. It is a promissory note. The answer was (1) a general denial; and (2) that the instrument was void under the Russian law, where it was executed and payable.

[2] No evidence was offered in support of the latter defense. The case seems to have been tried without regard for the issues formed by the pleadings, and with little respect for the rules of evidence. Over plaintiff's objection and exception, the court admitted evidence which plaintiff claims tended to show payment. The court also admitted evidence, the purport of which is not comprehensible to this court, but which respondent apparently claims amounted to a release or accord and satisfaction. Accepting this interpretation, it is clear that the evidence was not admissible under the pleadings. Much hearsay evidence which may have affected the result was admitted in the face of objection, exception, and motion to strike out.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.